# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOAN BZDAWKA, SANDRA EHRLICHMAN,
MARILYN BERDIKOFF, LENORE CZARNECKI
and JOHN GORTON,
        Plaintiffs,[1]

    v.                      Case No. 04C0193

MILWAUKEE COUNTY, WISCONSIN
DEPARTMENT OF HEALTH AND FAMILY
SERVICES, and HELENE NELSON, in her
official capacity as Secretary of DHFS,
        Defendants.

## DECISION AND ORDER

On February 7, 2006, I issued a decision and order in the above-captioned matter in which, among other things, I denied defendants' motions to dismiss based on plaintiffs' alleged lack of standing. Defendants Wisconsin Department of Health and Family Services ("DHFS") and Helene Nelson disagree with that determination and now ask me to amend the decision and order to include a certification for immediate interlocutory appeal.[2]

Under 28 U.S.C. § 1292(b), I may certify an order for interlocutory appeal if I conclude that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." See also Ahrenholz v. Bd. of

---

[1] Pursuant to the parties' agreement, I have amended the caption to reflect the dismissal of plaintiff Gerald Nelson's claims.

[2] Defendants previously sought interlocutory review on a second issue, which has since become moot.

Trs. of Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000) ("There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation."). The party seeking interlocutory review has the burden of persuading me that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972). Defendants make three arguments as to why I mistakenly determined that plaintiffs had standing. However, none are persuasive, and I conclude that there is not a substantial ground for difference of opinion concerning the issue.

First, defendants argue that I did not cite cases with similar facts. However, merely because a case has novel facts does not mean that there is a substantial ground for difference of opinion as to its outcome. See 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3930, at 419-20 (2d ed. 1996) (stating that courts often refuse to find substantial reason to question a ruling of law, even in matters of first impression); see also In re Bridgestone/Firestone, Inc., 212 F. Supp. 2d 903, 909 (S.D. Ind. 2002) (stating that the movant may not prevail by simply showing a "lack of judicial precedent" or that the issue is one of first impression.)

Second, defendants argue that my decision conflicts with the statement in Tobin for Governor v. Illinois State Board of Elections, 268 F.3d 517, 528 (7th Cir. 2001), that speculation is insufficient to establish the injury-in-fact element of standing. However, plaintiffs did not establish injury-in-fact based on speculation but rather on the existence of an immediate and real threat of harm. Plaintiffs alleged that in the absence of a rate

2

increase, their residential care providers would withdraw from the Family Care program. Further, plaintiffs presented evidence supporting this allegation, including evidence that one residential provider had already threatened to withdraw but remained in the program pending the outcome of this litigation. Plaintiffs also alleged that if their residential care providers withdrew from Family Care, they would likely be forced to move to an institutional setting. Finally, plaintiffs alleged that such a forced move would likely result in serious adverse effects to their physical and mental health. In support of this allegation, plaintiffs presented evidence that the elderly and/or chronically ill frequently suffer serious trauma as the result of forced transfers. Thus, my finding that plaintiffs had established the injury-in-fact element of standing was not based on speculation but on plaintiffs' detailed and well-supported allegations.

Third, defendants argue that my decision is in conflict with <u>Bill M. ex rel. William M. v. Neb. Dep't of Health & Human Servs. Fin. & Support</u>, 408 F.3d 1096, 1098 (8th Cir. 2005), and that a unanimous decision from an appellate court in another circuit is a basis for concluding that there is a substantial ground for difference of opinion. However, the present case is distinguishable from <u>Bill M.</u> because in that case the plaintiffs did not allege that they were in immediate danger of institutionalization as the result of the actions about which they complained. In contrast, as indicated, in the present case plaintiffs alleged that defendants' actions would force them out of their homes and into institutional settings, and they supported their allegations with evidence. Thus, <u>Bill M.</u> does not require a finding that there is a substantial ground for difference of opinion regarding plaintiffs' standing.

3

Accordingly, because defendants have failed to establish that there is a substantial ground for difference of opinion, I will deny their motion to amend the decision to include a certification for interlocutory appeal.

I also note that I may not certify an interlocutory appeal under § 1292(b) unless doing so promises to speed up the litigation. Ahrenholz, 219 F.3d at 675. In the present case, plaintiffs assert eight different claims. Even assuming, arguendo, that standing is debatable on some of them, it clearly is not on others. Thus, certification for interlocutory appeal would slow down rather than speed up the litigation. For this reason also, I will deny defendants' motion.

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion to certify for interlocutory appeal is denied.

**IT IS FURTHER ORDERED** that defendants' motion to stay the proceedings is **DENIED**.

Dated at Milwaukee, Wisconsin this 12 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge