## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOAN BZDAWKA, SANDRA EHRLICHMAN, and
MARILYN BERDIKOFF,[1]

        **Plaintiffs,**

v.                                      Case No. 04-C-193

MILWAUKEE COUNTY, WISCONSIN DEPARTMENT
OF HEALTH AND FAMILY SERVICES, and
HELENE NELSON, in her official capacity
as Secretary of DHFS,

        **Defendants.**

## DECISION AND ORDER

### I. BACKGROUND

Plaintiffs Joan Bzdawka, Sandra Ehrlichman and Marilyn Berdikoff are elderly disabled residents of Milwaukee County with low incomes who are enrolled in Family Care, a Medicaid waiver program administered by defendants. Plaintiffs live in adult family homes ("AFHs") or community based residential facilities (CBRFs") operated by Homes for Independent Living ("HIL") which, pursuant to a contract with Milwaukee County, provides services to Family Care enrollees. Plaintiffs claim that defendants are violating the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") by inadequately compensating HIL and other providers of services to Family Care enrollees in Milwaukee County, and that defendants' conduct might force them out of their homes. Plaintiffs allege that in 2004, HIL notified defendants that, because of the inadequate compensation, it intended to withdraw from Family Care, and as a result Milwaukee County notified plaintiffs that it would transfer them

---

[1] I have amended the caption to reflect that some of the original plaintiffs are no longer participating in the case.

to other facilities. Plaintiffs then commenced the present putative class action seeking declaratory and injunctive relief. Defendants agreed not to move plaintiffs pending resolution of the case. Defendants moved to dismiss the complaint, and I granted the motion in part and denied it in part. Plaintiffs now ask me to certify a class consisting of disabled Milwaukee County residents who are now or will in the future be eligible to reside in a Family Care AFH or CBRF. The state defendants oppose class certification.[2]

## II. DISCUSSION

In order to obtain class certification, a plaintiff must satisfy several requirements. First, as in any federal lawsuit, as a threshold issue, a plaintiff in a putative class action must establish that she, as an individual, has standing to sue.[3] Rozema v. Marshfield Clinic, 174 F.R.D. 425, 432 (W.D. Wis. 1997). If the plaintiff establishes individual standing, she may bring a class action if she can satisfy the criteria in Fed. R. Civ. P. 23. Rule 23(a) has four prerequisites: (1) numerosity of parties; (2) commonality of legal and factual issues; (3) typicality of the class representative's claims; and (4) adequacy of representation. If the plaintiff satisfies these requirements, she must also meet one of the requirements of Rule 23(b). In addition, although Rule 23 is silent on the matter, it implicitly requires that the plaintiff establish the existence of a definable class. Rosario v. Livaditis, 963 F.2d 1013, 1017

---

[2]The county defendant did not respond to plaintiffs' motion.

[3]Since the Supreme Court stated in Ortiz v. Fibreboard Corp., 527 U.S. 815, 831 (1999), that "the class certification issues are . . . logically antecedent to Article III concerns, and themselves pertain to statutory standing, which may properly be treated before Article III standing," some courts have declined to consider challenges to a plaintiff's standing before addressing class certification. However, close analysis of Ortiz strongly suggests that its "'logically antecedent' language was not intended to create a new rule, but . . . restated pre-existing doctrine . . ." Linda S. Mullenix, Standing & Other Dispositive Motions After Amchem and Ortiz: The Problem of "Logically Antecedent" Inquiries, 2004 Mich. St. L. Rev. 703, 730-731. Thus, I conclude that "courts should continue to review standing challenges, and other traditional pre-certification dispositive motions, at the same time and in the same fashion as [they] did prior to . . . Ortiz." Id.

(7th Cir. 1992).[4]  In the present case, defendants argue that plaintiffs fail to satisfy the standing requirement and the requirements of Rule 23.

**A.    Standing**

The standing requirement has both a constitutional and prudential function.  Its constitutional function ensures that the case or controversy requirement of Article III, section 2 of the Constitution is satisfied.  If a plaintiff lacks the necessary interest in the lawsuit to have standing, there is no case or controversy and the court lacks jurisdiction.  Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37-38 (1976).  To satisfy the Article III standing requirement, a plaintiff must allege: (1) injury in fact, meaning an invasion of a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the defendant's actions; and (3) that a favorable decision is likely to redress the injury.  Tobin for Governor v. Ill. State Bd. of Elections, 268 F.3d 517, 527 (7th Cir. 2001).  The prudential function of the standing requirement enables a court to exercise some discretion in determining whether a claim is appropriate for judicial resolution.  See Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 474-75 (1982) (discussing prudential considerations).  "When a court refuses

---

[4]Although courts have sometimes said that Rule 23 also implicitly requires that a plaintiff establish that she is a member of the class, it is now settled that Rule 23 does not contain any separate membership in the class requirement.  Alba Conte and Herbert Newberg, Newberg on Class Actions § 2:10 (4th ed. 2002).  "Once standing to raise an issue common to a class has been established by the plaintiff, any supposed test of membership in the class is automatically satisfied, and whether the plaintiff should be permitted to maintain a class action and whether in fact the issues are common to a class depend on the application of Rule 23 criteria."  Id.; see also Arkansas Ed. Ass'n. v. Board of Ed. of Portland, Ark. School Dist., 446 F.2d 763, 766 (8th Cir. 1971) (stating that if a class representative has standing to sue and is a real party in interest under Fed. R. Civ. P. 17(a), it need not meet any further requirement of class membership).

to find prudential standing, it, in effect, refuses to infer a cause of action from common or statutory law." William J. Fletcher, The Structure of Standing, 98 Yale L. J. 221, 252 (1988).

I previously determined that plaintiffs had established standing in the constitutional sense. I concluded that plaintiffs had alleged a real and immediate threat of injury, namely, being transferred out of their homes, that such threat was traceable to defendants' alleged inadequate compensation of Family Care providers, and that the relief sought (a declaration that such compensation was unlawful and an injunction against its continuation) would redress the claimed injury. Defendants do not ask me to revisit that determination. Rather, they argue that in addition to establishing that plaintiffs have standing as individuals, plaintiffs must establish that members of the putative class have standing and they have not done so.

I disagree with defendants' contention that class action plaintiffs must establish that unnamed class members have standing. In a class action, the unnamed class members are "passive" in contrast to the named plaintiff, who actively prosecutes the litigation on their behalf. Conte & Newberg, supra, at § 2.7 (citing American Pipe & Const. Co. v. Utah, 414 U.S. 538, 550-51 (1974)). And while standing analysis is concerned with whether the named plaintiff is properly before the court, the represented class members are not only passive but also not before the court. Id.; see also F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co., 882 F.2d 281, 284 (7th Cir. 1989) (stating that in a class action the relevant citizenship for diversity purposes is that of the named plaintiff rather than that of the persons on whose behalf he is suing). Moreover, to require a plaintiff to show that every class member's claim presents an actual controversy would place a formidable, if not insurmountable, threshold burden on the parties and the court. Since by definition the joinder of class members is impracticable, to require proof of the existence of individualized "cases"

would in essence be treating the class members as parties. Mary Kay Kane, <u>Standing, Mootness & Federal Rule 23 – Balancing Perspectives</u>, 26 Buffalo L. Rev. 83, 96 (1976-77).

In a class action, the appropriate question with respect to unnamed class members is not whether they have standing to sue but whether the named plaintiff may assert their rights. Although this question implicates the prudential function of the standing requirement, it finds legislative expression in the requirements of Rule 23 and is therefore a Rule 23 question, rather than one of standing.[5] Thus, a federal court addressing a request for class certification should not ask whether absent class members have standing but whether, in light of the policies and requirements of Rule 23, it should authorize the plaintiff to represent the class members. Kane, <u>supra</u>, at 97; <u>see also</u> <u>Fallick v. Nationwide Mut. Ins. Co.</u>, 162 F.3d 410, 422-23 (6th Cir. 1998) (stating that once the class representative has established individual standing, whether he will be able to represent the putative class depends solely on whether he can satisfy the Rule 23 criteria and that no additional standing requirement exists); <u>Hassine v. Jeffes</u>, 846 F.2d 169, 175 (3rd Cir. 1988) (noting the district court's erroneous use of the term "standing"); <u>Rozema</u>, 174 F.R.D. at 444 (stating that although a court should not certify a class unless claims of class representative are typical of those of the class, a court should not conduct a separate inquiry into whether individual members of the class have standing); <u>Coleman v. Cannon Oil Co.</u>, 141 F.R.D. 516, 522-24 (M.D. Ala. 1992) (rejecting an argument that in determining whether to certify a class a court should inquire whether members of plaintiff class have standing).

Defendants cite several cases in support of their argument that unnamed class members must have standing. However, the cases they cite do not persuade, but rather

---

[5] <u>See</u> <u>Ortiz</u>, 527 U.S. at 831 (referring to the application of Rule 23 requirements to class representatives as "statutory standing").

appear to be examples of courts' "uncritical reliance . . . on standing-related concepts in attempts to articulate the limits of the Rule 23 qualifications." Conte & Newberg, supra, at § 2.7. Some merely assert without analysis that class members must have standing. Loeb Indus. v. Sumitomo Corp.(In re Copper Antitrust Litig.), 196 F.R.D. 348, 353 (W.D. Wis. 2000); Clay v. American Tobacco Co., 188 F.R.D. 483, 490 (S.D. Ill. 1999). Others discuss the standing of class representatives. Harriston v. Chicago Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993); Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 216 (1974). Yet another is primarily concerned with the requirement that a plaintiff adequately define the class. Adashunas v. Negley, 626 F.2d 600, 604 (7th Cir. 1980). A recent case not cited by defendants states that unnamed class members must have standing but then confusingly applies what appears to be a very relaxed standing requirement. Denney v. Deutsche Bank, AG, 443 F.3d 253, 263-64 (2d Cir. 2006). I find this approach analytically muddled.

**B.     Rule 23**

I first discuss defendants' argument that plaintiffs do not satisfy the implicit requirement of Rule 23 that they define an ascertainable class. A plaintiff's definition of a proposed class must be precise enough to enable the court to determine whether at any given time a particular individual is or is not a member of the class. See Alliance to End Represssion v. Rockford, 565 F.2d 975, 977 (7th Cir. 1977). A court must be able to resolve the question of an individual's membership by reference to objective criteria. Elliot v. ITT Corp., 150 F.R.D. 569, 574 (N.D. Ill. 1992). However, when a plaintiff attempts to certify a class under Rule 23(b)(2) for the purpose of seeking injunctive or declaratory relief, a precise class definition is less critical. See Battle v. Commonwealth of Pa., 629 F.2d 269, 271 n.1 (3rd Cir. 1980). The fact that a class includes persons who will become members in the future does not

render it impermissibly indefinite. Probe v. State Teacher's Ret. Sys., 780 F.2d 776, 780 (9th Cir. 1986). Plaintiffs seek certification of a class consisting of disabled Milwaukee County residents who are now or will in the future be eligible to reside in a Family Care AFH or CBRF. This definition is relatively precise and will enable me to determine whether at any given time a particular individual is a member of the class. Thus, plaintiffs' definition is sufficient.

I turn next to the Rule 23(a) requirements.

### 1. Numerosity

Rule 23(a)(1) requires that potential class members be "so numerous that joinder of all members is impracticable." To satisfy this requirement, a plaintiff need only show that joinder would be difficult or inconvenient. Robidoux v. Celani, 987 F.2d 931, 935 (2nd Cir. 1993). A plaintiff will generally meet the requirement by showing that the putative class consists of 40 or more. Clarke v. Ford Motor Co., 220 F.R.D. 568, 578 (E.D. Wis. 2004). In the present case, the parties agree that Family Care serves about 5,800 disabled individuals in Milwaukee, about 1,080 of whom reside in an AFH or CBRF. The parties further agree that Family Care will serve additional individuals in the future, some of whom will reside in AFHs or CBRFs. Thus, plaintiffs establish that the proposed class meets the numerosity requirement.

### 2. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Generally, the presence of a single common legal or factual question is sufficient. Clarke, 220 F.R.D. at 579 (stating that the commonality requirement is not demanding because it may be satisfied by a single common issue). Rule 23(a)(2) generally looks to whether the defendants' conduct is common to class members, rather than to whether the result of the conduct is uniform among class members. Rosario, 963 F.2d at 1018. In the present case, plaintiffs

contend that defendants' policies concerning the compensation of Family Care providers to Milwaukee County enrollees violates the ADA and RA. This is a question of law that is common to the class. Thus, plaintiffs satisfy the commonality requirement.

### 3. Typicality

Rule 23(a)(3) requires that the claims of the class representative be "typical of the claims . . . of the class." Typicality does not require a complete identity of claims. Clarke, 220 F.R.D. at 579 (stating that typicality does not require that the named plaintiff be in the same position as every member of the class). Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics as those of the putative class. Id. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality. Since the claims only need to share the same essential characteristics and need not be identical, the typicality requirement is not highly demanding. Id.

In the present case, plaintiffs' claims and those of members of the putative class relate to the same conduct by defendants and are based on the same legal theory. Further, as to each aggrieved class member, plaintiffs request the same relief. Defendants argue that plaintiffs do not establish typicality because most members of the putative class do not presently live in an AFB or CBRF. However, this factual difference does not defeat typicality, as these class members are or will be eligible to live in an AFB or CBRF and thus stand to be injured by any violations of the ADA or RA. Defendants also argue that plaintiffs do not establish typicality because HIL is the only provider who has notified defendants of its intent to withdraw from Family Care. However, this factual difference also does not defeat typicality because plaintiffs present evidence indicating that, in the absence of relief, class members may be at risk of being involuntarily transferred in the future.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff adequately represent the proposed class. In determining whether a plaintiff will provide adequate representation, courts consider the adequacy of the class representative and of class counsel. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993). The interest of the representative must not conflict with those of the class and class counsel must be qualified. In the present case, defendants concede that class counsel is qualified but contend that the named plaintiffs will not adequately represent the class because they have been adjudged incompetent and are closely aligned with service providers, and because their suit would have a negative effect on Family Care as a whole. However, defendants present nothing supporting their suggestion that the guardians of the named plaintiffs cannot prosecute the present action for the benefit of the class. And the fact that the suit may benefit Family Care providers does not mean that it will not also benefit class members. Additionally, while plaintiffs' suit might force defendants to make changes to Family Care affecting participants outside of the class, such changes would necessarily benefit class members. Finally, that plaintiffs sue on behalf of a putative class of disabled individuals, rather than merely as HIL residents seeking additional funding for that provider, suggests a commitment to the class as a whole.

I turn next to Rule 23(b). In the present case, plaintiffs proceed under Rule 23(b)(2), which authorizes certification if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." To obtain certification under Rule 23(b)(2), the defendant's conduct need not be directed to or damage every member of the class. See Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 58-59 (3rd Cir. 1994). Further, where a plaintiff seeks primarily injunctive relief, the Rule 23(b)(2)

requirement is almost automatically satisfied. See Weiss v. York Hospital, 745 F.2d 786, 811 (3rd Cir. 1984). In the present case, defendants' alleged violations of the ADA and RA would affect the class and declaratory and injunctive relief would be an appropriate remedy. As such, I conclude that class certification under Rule 23(b)(2) is proper.

### III. CONCLUSION

Thus, I will grant plaintiff's motion to certify a class consisting of disabled Milwaukee County residents who are now or will in the future be eligible to reside in a Family Care AFH or CBRF. However, I will continue to monitor whether certification is proper, whether the definition of the class is appropriate, and what is required to protect the rights of absentees. See Kuehner v. Heckler, 778 F.2d 152, 163 (3rd Cir. 1985) (indicating that court must monitor its own decisions relating to class action status); see also In re "Agent Orange" Prod. Liab. Litig., 996 F.2d 1425, 1438 (2nd Cir. 1993) (discussing court's continuing duty to protect interests of absentees). These duties are particularly important where as here the class has been certified under Rule 23(b)(2). See Lemon v. Int'l Union of Operating Eng'rs. Local No. 139, AFL-CIO, 216 F.3d 577, 582 (7th Cir. 2000); Jefferson v. Ingersoll Intern. Inc., 195 F.3d 894, 899 (7th Cir. 1999).

Therefore,

**IT IS ORDERED** that plaintiff's motion for class certification is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2006.

                    s/Lynn Adelman
                    LYNN ADELMAN
                    U.S. District Judge